IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID M. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1647-GMS |
| | ) | |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) | |
| Respondents. | ) | |

**MEMORANDUM**

**I.     BACKGROUND**

In October 1998, a grand jury returned a superseding indictment (consolidating three indictments) charging Williams with fourteen offenses. Four of the counts stemmed from Williams' arrest on March 25, 1998 for attempting to burglarize a residence in Wilmington, Delaware: two counts of attempted second degree burglary, one count of possession of burglar's tools, and one count of criminal mischief. On June 24, 1999, the Superior Court severed those four charges from the remaining eight charges, and a two-day jury trial ensued. However, the jury was unable to reach an unanimous verdict, and Williams was retried in August 1999. Petitioner represented himself during the second trial, and the court appointed stand-by counsel. The jury convicted Williams on all four offenses. *See State v. Williams*, 2000 WL 33726917, at *1 (Del. Super. Ct. Jul. 14, 2000).

In October 1999, Williams pled guilty to three of the remaining charges contained in the superseding indictment: forgery in the second degree, attempted escape in the third degree, and possession of a deadly weapon by a person prohibited. The prosecution dismissed the remaining

charges. The Superior Court sentenced Williams as a habitual offender to a total of 32 years and 30 days incarceration, suspended after 25 years for decreasing levels of supervision. Williams appealed his convictions and sentences for burglary, possession of burglar's tools, and criminal mischief. The Delaware Supreme Court affirmed the Superior Court's judgment. *See Williams v. State*, 856 A.2d 1067 (Table), 2004 WL 1874693, at *1 (Del. Aug. 13, 2004).

Williams filed his first § 2254 petition in 2002, which the court denied as procedurally barred. *See Williams v. Snyder*, 2003 WL 22480168 (D. Del. Oct. 23, 2003). In 2005, Williams filed a second habeas petition which contained challenges to a violation of probation charge as well as challenges to his 1999 conviction for second degree rape. This court denied the repetitive claims regarding his 1999 conviction as second or successive, and the other claim for lack of factual support. *See Williams v. Carroll*, 2006 WL 2949303 (D. Del. Oct. 17, 2006). Williams filed a third habeas petition in 2009, which the court denied as second or successive on November 16, 2009. *See Williams v. Phelps*, Civ. A. No. 9-570-GMS, Order (D. Del. Nov. 16, 2009).

In December, 2012, Williams filed his fourth petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition"). (D.I. 2)

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition

2

has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

### III. DISCUSSION

The instant petition is Williams' fourth habeas challenge to his August 1999 conviction for second degree burglary, and asserts the following four grounds for relief: (1) double jeopardy; (2) ineffective assistance of counsel on direct appeal; (3) the law to which the State incorrectly cited (Del. Code Ann. tit. 11, § 4215(b)) in its motion to affirm the Superior Court's June 18, 2012 denial of Williams' Rule 35 motion for sentence reduction has been repealed since his conviction; and (4) someone else's indictment was erroneously submitted in his direct appeal. (D.I. 3) Ground three appears to assert that the State committed a citation error in his last state court proceeding involving his motion for sentence reduction. This claim fails to assert a proper basis for federal habeas review, because errors in state court post-conviction proceedings do not present cognizable federal habeas issues.[1] In turn, grounds one, two and four challenge Williams' 1999 conviction for second degree burglary, and could have been raised in Williams' first habeas petition. Given these circumstances, the instant petition constitutes a second or successive habeas petition for the purposes of § 2244.

The record reveals that Williams did not obtain permission from the Third Circuit Court of Appeals to file the instant petition. Accordingly, the court will dismiss the instant petition for

---

[1] To the extent claim three asserts something other than a citation error, it is the Third Circuit Court of Appeal's role to determine if this claim avoids the second and successive bar. *See Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2646 (2005).

has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

### III. DISCUSSION

The instant petition is Williams' fourth habeas challenge to his August 1999 conviction for second degree burglary, and asserts the following four grounds for relief: (1) double jeopardy; (2) ineffective assistance of counsel on direct appeal; (3) the law to which the State incorrectly cited (Del. Code Ann. tit. 11, § 4215(b)) in its motion to affirm the Superior Court's June 18, 2012 denial of Williams' Rule 35 motion for sentence reduction has been repealed since his conviction; and (4) someone else's indictment was erroneously submitted in his direct appeal. (D.I. 3) Ground three appears to assert that the State committed a citation error in his last state court proceeding involving his motion for sentence reduction. This claim fails to assert a proper basis for federal habeas review, because errors in state court post-conviction proceedings do not present cognizable federal habeas issues.[1] In turn, grounds one, two and four challenge Williams' 1999 conviction for second degree burglary, and could have been raised in Williams' first habeas petition. Given these circumstances, the instant petition constitutes a second or successive habeas petition for the purposes of § 2244.

The record reveals that Williams did not obtain permission from the Third Circuit Court of Appeals to file the instant petition. Accordingly, the court will dismiss the instant petition for

---

[1] To the extent claim three asserts something other than a citation error, it is the Third Circuit Court of Appeal's role to determine if this claim avoids the second and successive bar. *See Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2646 (2005).

lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139. The court will also decline to issue a certificate of appealability because Williams has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV.  CONCLUSION

For the aforementioned reasons, the court will deny Williams' § 2254 petition for lack of jurisdiction because it constitutes a second or successive habeas petition under 28 U.S.C. § 2244. A separate order will be entered.

July 30, 2013
DATE

CHIEF, UNITED STATES DISTRICT JUDGE